IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DON A. BONNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-347-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Don A. Bonner, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

On November 2, 2012, in the 432nd Judicial District Court, Tarrant County, Texas, Case No. 1269186D, a jury found Petitioner guilty of unlawful possession of a firearm by a felon and found the habitual-offender notice in the indictment true. It assessed Petitioner's punishment at 42 years' confinement. (Clerk's R. 80, doc. 8-13.) Petitioner appealed his conviction, but the Second

District Court of Appeals of Texas affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. (Docket Sheet 1, doc. 8-2.) Petitioner also sought state post-conviction habeas relief by filing a state application for a writ of habeas corpus, raising the claims presented in this federal petition, which was denied by the Texas Court of Criminal Appeals without written order. (SH16 & Action Taken, docs. 9-13 & 9-15.)

The appellate court set out the factual background of the case as follows:

> [Petitioner]'s mother Mary Bonner passed away on January 22, 2012. After Mary's funeral on January 28, 2012, [Petitioner], his wife Marguerita Bonner, his brother Virdis Bonner, Virdis's fiancee Shekelia Campbell, and Virdis's stepdaughter Keiumbria (Bree) Nelson went to Mary's house at 2804 Gardenia Drive in Fort Worth. Around 7:30 that evening, [Petitioner] asked his brother and his brother's family to leave so that [Petitioner] could return to his home, which was located on Avenue M, and change clothes. Virdis asked Shekelia and Bree to go to their car and wait for him. Shekelia and Bree heard [Petitioner] and Virdis arguing about why [Petitioner] had asked them to leave. Marguerita and Shekelia broke up the argument between the brothers, and Shekelia got Virdis to leave. As Shekelia and Virdis were getting in their car, they saw [Petitioner] standing in the garage with a gun in his hand, yelling at Virdis. Virdis called 911.
>
> When police arrived, they obtained [Petitioner]'s oral and written consent to search the residence, and he told them that there was a handgun in a dresser in the back bedroom. A search of the residence revealed a loaded handgun in the dresser, ammunition, and two magazines—one in the dresser drawer with the gun and another in the kitchen.

(Mem. Op. 2, doc. 8-3.)

2

## II. ISSUES

Petitioner raises three grounds for relief:

(1) Section 46.04(a)(2) of the Texas Penal Code is unconstitutionally overbroad and impermissibly vague;

(2) there was no evidence or insufficient evidence to prove *mens rea*; and

(3) he was denied effective assistance of counsel and a fair trial.

(Pet. 6-7, doc. 1.)

## III. RULE 5 STATEMENT

Respondent believes that Petitioner has exhausted his state-court remedies and that the petition is neither time barred nor subject to the successive-petition bar. (Resp't's Answer 5, doc. 11.)

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S.

86, 100-01 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. Further, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written order, it is "presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington,* 562 U.S. at 99. In such a situation, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997). A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,*

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

## V. DISCUSSION

### A. Constitutionality of Texas Penal Code § 46.04(a)(2)

Under his first ground, Petitioner claims that § 46.04(a)(2) is unconstitutionally overbroad and impermissibly vague because "it does not clearly give notice of the forbidden conduct as to the . . . meaning [of] 'the premises in which he live[s].'" (Pet. 6 & Mem. 5-13, doc. 1.) Petitioner raised this claim for the first time in his state habeas application, and the state habeas court expressly found that the claim was forfeited by Petitioner's failure to object at trial. (SH16 105, doc. 9-15.)

Under the procedural-default doctrine, a federal habeas court will not review a claim if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default.[2] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir. 1995). Texas's contemporaneous-objection rule is an independent and adequate state procedural bar to federal habeas review. *See Amos v. Scott,* 61 F.3d 333, 341 (5th Cir. 1995). Thus, the procedural default in state court precludes federal habeas review of the claim. *Wainwright v.*

---

[2]A federal district court may raise procedural default *sua sponte* in habeas proceedings. *Magouirk v. Phillips,* 144 F.3d 348, 358 (5th Cir. 1998). The state's failure to brief the issue does not waive the argument. *Coleman v. Goodwin,* 833 F.3d 537, 541 (5th Cir. 2016).

6

*Sykes,* 433 U.S. 72, 87 (1977); *Ogan v. Cockrell,* 297 F.3d 349, 356 (5th Cir. 2002).

To overcome a state procedural bar, a petitioner must demonstrate either cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice-*i.e.,* that he is actually innocent of the offense for which he was convicted. *Coleman,* 501 U.S. at 750. Such showing not having been demonstrated by Petitioner, this claim raised for the first time in his state habeas application is procedurally barred from this Court's review.

### B. No Evidence or Insufficient Evidence

Under his second ground, Petitioner claims that there was no evidence or insufficient evidence to prove *mens rea* because there was no evidence that he knowingly and intentionally possessed a firearm away from the premises where he lived. (Pet. 6, doc. 1.) According to Petitioner, prior to his arrest he had separated from his wife and moved back home to Gardenia Drive to take care of his dying mother. (Mem. 17, doc. 1.) Therefore, he contends that he did not believe or think he was disobeying the law by possessing a firearm at the Gardenia Drive house where he was residing at the time. (Id.) He also contends that because his mother bequeathed the house to him upon her death, he believed that he had the right of ownership and control of the Gardenia Drive residence; thus, he

7

made no attempt to "evade or conceal his possession of the firearm and answered truthfully to questions ask[ed] by the officers." (Id. at 17-18, 24.)

The state habeas court found that Petitioner had not alleged that the evidence was insufficient to prove *mens rea* on appeal but, rather, that the evidence was insufficient to prove that the Gardenia Drive house was not the "premises at which [he]" lived. (SH16 100-01, doc. 9-15.) Consequently, the state court determined that the claim was forfeited by Petitioner's failure to raise it on appeal. (Id. at 106.) Under Texas law, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson,* 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). The Texas Court of Criminal Appeals has confirmed that when a state habeas applicant challenges the sufficiency of the evidence in a state habeas application, and it subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable. *Ex parte Grigsby,* 137 S.W.3d at 674. In these circumstances, reliance on the procedural default by the state court is established and presents an adequate state procedural ground barring federal habeas review. *Ylst v. Nunnemaker,* 501 U.S. 797, 801–07 (1991).

The two claims are distinguishable; thus, Petitioner's failure

to raise the instant claim on appeal precludes federal habeas review of the claim. Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been made by Petitioner, the claim is procedurally barred from this Court's review.

**C. Ineffective Assistance of Counsel**

Lastly, under his third ground, Petitioner claims his trial counsel was ineffective by failing to have a firm command of the facts and "elements of the charge and time element necessary to be convicted of the charge"; to file a motion for continuance so his mother's will could be probated; and to seek a "mistake of fact" defense. (Pet. & Mem. 7, 21-27, doc. 1.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of

9

reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective-assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the *Strickland* standard in light of the state-court record. *Harrington,* 562 U.S. at 100-01 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Thus, a federal court's review of state-court decisions regarding ineffective assistance of counsel must be "doubly deferential" so as to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

Petitioner was represented at trial by Catherine Dunnavant. Counsel filed an affidavit in the state habeas proceedings, in which she averred (all spelling, grammatical, and/or punctuation errors are in the original):

> In his Memorandum in Support of the Application ("Memorandum"), [Petitioner] asserted counsel's conduct was deficient where counsel did not investigate and raise a Mistake of Fact defense, and because counsel failed to file a motion for continuance pending the probate of his mother's will, which devised him the property located at 2804 Gardenia. [Petitioner] alleged prejudice because such deficiencies prevented the jury "to consider

critical evidence and any possibility of acquittal or conviction of a lesser included offense and sentence." [Petitioner] further alleged "[h]ad the jury heard evidence from the probate court that [he] was in fact the owner of the residence at 2804 Gardenia that a motion for continuance would have allowed and heard Evidence and fact that [Petitioner] belief and understanding of the law as to his right to possess a firearm at the premises where he lived as a felon requiring [Petitioner] to testify as to his belief, there is a reasonable probability that the jury would have acquitted him of possession of a firearm away from the premises where he lived."

*Response:*

*Background:* On April 11, 2012, Mr. Bonner was indicted in two cases: No. 1269186, the instant case, for a violation of Texas Penal Code§ 46.04(a). Unlawful Possession of Firearm (a) A person who has been convicted of a felony commits an offense if he possesses a firearm: (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives, and No. 1269189, for a violation of Texas Penal Code§ 22.02(a)(2). Aggravated Assault, to wit: (a) a person commits an offense if the person commits assault as defined in § 22.01 and the person (2) uses or exhibits a deadly weapon during the commission of the assault, to wit: a firearm. Both cases were alleged to have arisen out of the same transaction. [Petitioner] was tried and convicted on November 2, 2012, in No. 1269186, the instant case, for a violation of Texas Penal Code § 46.04(a). Unlawful Possession of Firearm. Cause No. 1269189 remained pending.

*Mistake of Fact:* The decision not to pursue defense of mistake was made pursuant to trial strategy developed through, and in consideration of, factors including, but not limited to relevant background facts, legislative history of the subject offense, interviews of Virdis Bonner and Marguerita Bonner, property records research, physical inspection of properties located at 2804 Gardenia Drive, Fort Worth, Texas, and 4203 M Ave., Fort

11

Worth, Texas, [Petitioner]'s criminal history, other pretrial investigation, evidence presented at trial, jury charge decisions regarding elements requiring proof of a culpable mental state, whether to include or exclude a definition of premises, and Mr. [Petitioner]'s pending indictment for Aggravated Assault: use or exhibits a deadly weapon during the commission of the assault, to wit: a firearm.

*Failure to request continuance of trial pending the probate of the Will of Mary L. Bonner:* The decision not to file a motion with the court for a continuance of trial while awaiting the conclusion of the subject probate proceedings was made pursuant to trial strategy developed through, and in consideration of, factors for and against such motion for continuance, wherein factors against outweighed factors in favor of such motion for continuance.

The relevant issue at trial regarding the subject property was whether the premises located at 2804 Gardenia Drive, Fort Worth, Texas, was the "premises at which [Petitioner] lives" on January 28, 2012, the date of the offense. Whether Mr. Bonner's subsequently acquired legal title of the subject property pursuant to the probate of Mary L. Bonner's Will was not dispositive of the issue whether such residence was the "premises at which [Petitioner] lives" on January 28, 2012. Moreover, Mary Bonner's Will also devised two additional residential properties to [Petitioner], 4203 Avenue M, Fort Worth, Texas, and 100 E. 17th Avenue, Corsicana, Texas. Furthermore, evidence that Mary L. Bonner was deceased, and her will devised the residence located at 2804 Gardenia Drive, Fort Worth, Texas to [Petitioner] was presented and before the jury.

Prior to trial, the Tarrant County District Attorney, through its Assistant District Attorney ("ADA") indicated the State's intent to try [Petitioner] separately for each case, first for the Unlawful Possession of Firearm by Felon. A continuance of trial may have resulted in the State's election to proceed to trial first for the Aggravated Assault, or for both pending cases concurrently, both less preferable to [Petitioner]'s defense strategy than being tried first for Unlawful Possession of Firearm by Felon. [Petitioner] further asserts a continuance of trial would have allowed him to testify as to his belief and understanding of the

12

law regarding his right to possess a firearm at the
premises, resulting in "a reasonable probability that the
jury would have acquitted him of possession of a firearm
away from the premises where he lived." Indeed,
[Petitioner] had opportunity to testify at his trial,
however, he elected not to testify. Factors considered by
[Petitioner] in deciding whether to testify included
important facts that would not change over time, such as
his prior criminal history.

(SH16 80-83 (emphasis in original) (citations to the record omitted).)

Based on the documentary record, counsel's affidavit, and his own recollection of the trial proceedings, the state habeas court entered the following factual findings relevant to this issue:

11. [Petitioner] chose not to testify after considering several factors, including his criminal history.

12. Dunnavant presented evidence that [Petitioner] lived with his mother.

   . . .

14. Hon. Dunnavant made a strategic decision to not pursue a defense of mistake of fact after considering the facts, the legislative history, interviews with the witnesses, property records research, physical inspection of the properties involved, [Petitioner]'s criminal history, pretrial investigation, the evidence presented at trial, and [Petitioner]'s pending indictment for aggravated assault.

15. To request a mistake of fact instruction would be inconsistent with [Petitioner]'s defense that he did, in fact, live at the premises in question at the time of the incident.

16. Based on the chosen defense and evidence, Hon. Dunnavant's decision to not request a mistake of fact instruction was the result of reasonable trial strategy.

17. [Petitioner] presents no evidence that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel requested a mistake of fact jury instruction.

18. Hon. Dunnavant did not request a continuance because she did not need a continuance to present evidence that [Petitioner] was bequeathed the premises in question in his mother's will.

19. [Petitioner]'s mother bequeathed two additional properties to [Petitioner], including the address at which the State alleged he lived, 4203 Avenue M.

20. A continuance was not needed for [Petitioner] to testify that he believed he had a right to possess a firearm at that location because Applicant could have testified about it at his trial but chose not to.

21. Hon. Dunnavant made a strategic decision to not request a continuance because it was not needed and a continuance may have resulted in the State trying the aggravated assault case first or concurrently.

22. Hon. Dunnavant's affidavit is credible and supported by the record.

23. There is no credible evidence, or authority, that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel requested a continuance.

24. The indictment and jury charge alleged that [Petitioner] had possessed a firearm away from the premises where he lived after he had been convicted of a felony offense.

25. When [Petitioner] discharged his parole was irrelevant to this case because [Petitioner] was not charged with possessing a firearm within five years of his release from confinement.

26. There is no evidence, or authority, that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel presented evidence as to when he discharged his sentence.

27. There is no credible evidence that a reasonable likelihood exists that the outcome of the proceeding would have been different but for the alleged misconduct.

(SH16 101-04, doc. 9-15 (citations to the record omitted).)

Based on its findings, and applying the *Strickland* standard and relevant state law, the habeas court entered the following legal conclusions:

17. "It is a defense to the prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense."

18. In light of the evidence and the chosen defense, Hon. Dunnavant's decision to not request a mistake of fact instruction was the result of reasonable trial strategy.

19. Because the risk outweighed any possible benefit for requesting a continuance, Hon. Dunnavant's decision to not request a continuance was the result of reasonable trial strategy.

20. "(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

    (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

    (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives."

21. Because [Petitioner] was convicted of possessing a firearm away from the premises where he lived, when he was discharged from confinement was irrelevant.

22. Because when [Petitioner] was discharged from

confinement is irrelevant to this case, Hon. Dunnavant properly did not present evidence of [Petitioner]'s prior conviction and when he was released from parole.

23. [Petitioner] has failed to prove that his trial attorney's representation fell below an objective standard of reasonableness.

24. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established.

25. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

26. [Petitioner] has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had trial counsel requested a mistake of fact jury instruction.

27. [Petitioner] has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had trial counsel moved for a continuance.

28. [Petitioner] has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had trial counsel presented evidence as to when [Petitioner] was discharged from confinement.

29. [Petitioner] has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would have been different.

30. [Petitioner] has failed to prove that he received

ineffective assistance of trial counsel.

(Id. at 106-08 (citations omitted).)

Petitioner fails to rebut the state court's findings of fact by clear-and-convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Thus, the findings are entitled to a presumption of correctness. *Richards v. Quarterman,* 566 F.3d 553, 563-64 (5th Cir. 2009); *Galvan v. Cockrell,* 293 F.3d 760, 764 (5th Cir. 2002). Applying the appropriate deference to those findings, as well as the state courts' legal conclusions as to the alternative defensive theory of mistake of fact, it does not appear that the state courts' application of *Strickland* was objectively unreasonable. Petitioner's claims are refuted by the record or involve matters of state law and strategic decisions on counsel's part, all of which generally do not entitle a state petitioner to federal habeas relief. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) (providing "[w]e have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"); *Strickland,* 460 U.S. at 689 (holding strategic decisions by counsel are "virtually unchallengeable" and generally do not provide a basis for post-conviction relief on the grounds of ineffective assistance of counsel). A petitioner shoulders a heavy burden to overcome a presumption that his counsel's conduct is strategically motivated and to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of

reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). Petitioner has presented no evidentiary, factual, or legal basis in this federal habeas action that could lead the Court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d).

## VI. Conclusion

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When a district court denies habeas relief by rejecting constitutional claims on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of his constitutional claims under his third ground or its procedural rulings as to his first and second grounds. Therefore, a certificate of appealability should not issue.

SIGNED February 23, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE